# CIVIL COVER SHEET

JS 44 (Rev. 12/12)

5:16-cv-3815

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Nilda Roque
1243 Pembroke Road
Bethlehem PA 18017

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Clearfield & Kofsky   215-503-6333
1617 John F. Kennedy Blvd Suite 355
Phila PA 19103

## DEFENDANTS
United States of America
950 Pennsylvania Avenue NW
901 E. Street Building Room 941
County of Residence of First Listed Defendant Washington DC 20530
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☒ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☒ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Plaintiff fell inside a United States Post Office

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE 7-11-16    SIGNATURE OF ATTORNEY OF RECORD

JUL 13 2016

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

v.

CIVIL ACTION

16 NO. 3815

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

7-11-16     Keith W. Bofsky / Anthony Lopresti     Nilda Roque
Date     Attorney-at-law     Attorney for

215-563-6332     215-563-3580     ALopresti @ Clearfield lawyers.com
Telephone     FAX Number     E-Mail Address

(Civ. 660) 10/02

JUL 13 2016

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)   The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)   In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)   The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)   Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)   Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

16 3815

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1247 Pembroke Road Bethlehem PA 18017

Address of Defendant: 950 Pennsylvania Ave NW 901 E. Street Building Rm 940 Washington DC 20530

Place of Accident, Incident or Transaction: 535 Wood ST Bethlehem PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑
RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) Slip and Fall
    Premises Liability

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 7-11-16     _____     93515
                  Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JUL 13 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7-11-16     _____     93515
                  Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)




IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NILDA ROQUE<br>1243 Pembroke Road<br>Bethlehem, PA 18017<br>v.<br>UNITED STATES OF AMERICA<br>950 Pennsylvania Avenue NW<br>901 E. Street-Building Room 940<br>Washington, DC 20530 | NO.<br>16   3815<br>FILED<br>JUL 13 2016<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep Clerk |

## COMPLAINT

Plaintiff, Nilda Roque, by and through her attorney's, Keith W. Kofsky, Esquire and Anthony Lopresti, Esquire, demand judgment against Defendant, United States of America in support thereof, state as follows:

### AVERMENTS OF JURISDICTION

1. Plaintiff, Nilda Roque, is an adult individual who resides at the above-captioned address.

2. Defendant, United States of America, (hereinafter referred to as "USA") is a governmental entity licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

3. Plaintiff brings this civil action claim for money damages against defendant USA, pursuant to the Federal Torts Claims Act 28 U.S.C. § 2671 for personal injury caused by the negligent or wrongful act or omission of employees of the Government while acting within the scope of their office or employment.

4. As described this is an action arising under 28 U.S.C. §1331 entitled "Federal Question".



## GENERAL AVERMENTS

5. Plaintiff, Nilda Roque, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 4 inclusive, as if set forth at length herein.

6. At all times material hereto, Defendant USA did own and/or operate and/or control and/or manage the property located at 535 Wood Street, Bethlehem, Pennsylvania.

7. On or about October 8, 2014, and for some time prior thereto, Defendants, acting by and through their agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently allowed a worn and/or rolled up mat and/or rug to remain at the aforesaid location despite an obvious need to replace same.

8. On or about October 8, 2014, Plaintiff, Nilda Roque, was a business invitee at the aforesaid location.

9. Said Defendant was responsible for the proper maintenance of the aforesaid premises and to keep said premises safe for invitees.

10. On or about October 8, 2014, while on the Defendant's property, Plaintiff, Nilda Roque, did get injured by reason of coming in contact with the aforementioned dangerous and defective condition at the aforesaid location, causing Plaintiff the injuries that form the basis for this action.

11. The aforesaid incident was due solely to the negligence and carelessness of the Defendant, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

12. The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendant, which consisted, inter alia, of the following:

(a) allowing and/or causing a dangerous and defective condition to exist of Defendant's premises which they knew or should have known by the exercise of reasonable care;

(b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c) failing to correct said dangerous condition of which they knew or should have known and which constituted a danger to persons walking lawfully thereon;

(d) failing to warn persons of the existence of said dangerous condition of which Defendant knew or should have known;

(e) failing to provide a safe walkway;

(f) permitting a highly dangerous condition to exist for an unreasonable time;

(g) failing to inspect, repair and maintain the premises including the rug and/or mat and/or carpet at reasonable intervals to determine the condition thereof;

(h) failing to hire competent contractors to properly repair and/or replace the mat and/or rug and/or carpet and otherwise maintain the property;

(i) failing to use the proper mat with adhesive qualities on the back;

(j) failing to recognize that placing the mat in question where it was at the time of plaintiff's fall could lead to injury;

(k) failing to utilize slip resistant flooring;

(l) failing to utilize recessed matting;

(m) failing to perform duties which they had assumed;

(n) disregarding the rights and safety of the Plaintiff;

(o) failing to exercise due care under the circumstances;

(p) negligence per se; and

(q) in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Federal Rules of Civil Procedure or which may be learned at the trial of this case.

13. The aforesaid accident was due in no manner whatsoever to any act, or failure to act, on the part of Plaintiff.

## COUNT I
## PLAINTIFF, NILDA ROQUE v. DEFENDANT, USA

14. Plaintiff, Nilda Roque, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 13, inclusive, as if set forth at length herein.

15. As a sole and direct result of the aforesaid negligence of the Defendants, Plaintiff, Nilda Roque, suffered severe, diverse and permanent injuries, including but not limited to: labral tear of the shoulder requiring left shoulder arthoscopy and anterior labral surgical repair, cervical radiculopathy requiring injection therapy, closed head injury, re-aggravation of prior shoulder injury, and other serious and diverse injuries, the full extent of which have not yet been ascertained, some or all of which are permanent in nature.

16. As a further result of this accident, Plaintiff, Nilda Roque, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

17. As a further result of this accident, Plaintiff, Nilda Roque, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

18. As a further result of this accident, Nilda Roque, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

19. As a direct and reasonable result of the aforementioned accident, Plaintiff, Nilda Roque, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

20. As a further result of the aforementioned accident, Plaintiff, Nilda Roque, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Nilda Roque, demands judgment against the Defendant, for compensatory damages commensurate with her losses.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury on all issues for which a right to jury trial exists.

                CLEARFIELD & KOFSKY

BY: _____
                KEITH W. KOFSKY, ESQUIRE
                Identification No.: 65725
                Attorney for Plaintiff, Nilda Roque
                One Penn Center at Suburban Station
                1617 JFK Boulevard, Suite 355
                Philadelphia, PA 19103
                (215) 563-6333

                CLEARFIELD & KOFSKY

BY: _____
                ANTHONY LOPRESTI, ESQUIRE
                Identification No.: 93515
                Attorney for Plaintiff, Nilda Roque
                One Penn Center at Suburban Station
                1617 JFK Boulevard, Suite 355
                Philadelphia, PA 19103
                (215) 563-6333